Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>              Plaintiff,<br><br>      vs.<br><br>STEPHANIE ANNE MARTIN, et al.,<br><br>              Defendants. | Case No. 5:25-cv-01606-GW-JC<br><br>PLAINTIFF'S NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:  December 11, 2025<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br>Judge:  Honorable George H. Wu |

TO THE HONORABLE COURT, THE DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 11, 2025 at 8:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 9D of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff G & G Closed Circuit Events, LLC, by and

through counsel, will present its Application for Default Judgment by the Court and against Stephanie Anne Martin, individually and d/b/a Whiskey Barrel Saloon a/k/a The Whiskey Barrel and The Whiskey Barrel Hesperia, LLC, an unknown business entity d/b/a Whiskey Barrel Saloon a/k/a The Whiskey Barrel (hereinafter collectively "Defendants" and individually as "Martin" and the "LLC").

1.      Default was entered against Defendants on September 26, 2025. (Dkt. No. 16).

2.      Defendants have never participated in this action.

3.      After the entry of default, Federal Rule of Civil Procedure 55(b) provides that default judgment may be entered by the Court upon application of the Plaintiff.  Fed. R. Civ. P. 55(b)(2).

4.      At the time and place of hearing, Plaintiff will present proof of the following matters:

a.      Defendants are not infants or incompetent persons, or in military service or otherwise exempted under the Servicemembers Civil Relief Act of 2003;

b.      Notice of this Application for Default Judgment by the Court and related documents were served on the Defendants;

c.      Plaintiff is entitled to judgment against the Defendants on claims pled in the Complaint. To wit:

1)   By contract, Plaintiff paid for the proprietary rights to distribute the *Last Man Standing: The Nate Diaz v. Jorge Masdival Fight* event telecast nationwide on Saturday, July 6, 2024 (hereinafter the "*Program*").

2)   With full knowledge that the *Program* was not to be intercepted, received, and/or exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen, and/or employees, did unlawfully intercept, receive and thereafter exhibit the *Program* at the time of its transmission at the address of the establishment doing business as Whiskey Barrel Saloon a/k/a The Whiskey Barrel, a food and drink establishment operated by Defendants, and operating at 12055 Mariposa Rd, Hesperia, CA 92345, as more fully detailed in the *Declaration of Affiant*.

3)   The unauthorized reception, interception and/or exhibition of the *Program* by the Defendants was done willfully and for the purpose of direct or indirect commercial advantage or private financial gain.

4)   The unauthorized publication or use of communications, such as the transmission for which Plaintiff had the distribution rights, is prohibited by Title 47 U.S.C. § 605, *et seq.* and Title 47 U.S.C. § 553, *et seq.*

5)   By said acts of receiving, intercepting and exhibiting the *Program* at the above-indicated address, Defendants tortiously obtained possession of the *Program* and wrongly converted same to their own use and benefit.

5.    Plaintiff seeks Judgment in its favor and against the Defendants for violations of 47 U.S.C. § 605, and damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and (e)(3)(C)(ii) in the amounts of $6,000 and $30,000, respectively.

6.    Plaintiff also seeks conversion damages in the amount of $1,300.00.[1]

7.    Plaintiff also seeks the opportunity to submit evidence in support of its recovery of reasonable attorneys' fees and relevant costs incurred as provided in 47 U.S.C. § 605(e)(3)(B)(iii), and as permitted under the alternate procedure of Local Rule 55-3 (as more fully discussed in the accompanying Memorandum). Plaintiff requests that it be granted 14 days from the entry of default judgment to submit its motion for reasonable attorneys' fees and its request for costs.

Dated: October 29, 2025        /s/ *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

---

[1] Plaintiff does not seek judgment on its Cal. Bus. & Prof. Code §17200 claim.

# <u>TABLE OF CONTENTS</u>

**PAGE(S)**

TABLE OF AUTHORITIES.....................................................................................ii

INTRODUCTION .............................................................................................5

RELEVANT PROCEDURAL HISTORY ...........................................................5

ARGUMENT....................................................................................................6

I.   PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS THE
     NINTH CIRCUIT FACTORS OUTLINED IN *EITEL v. McCOOL*
     ARE SATISFIED.......................................................................................6

     A.   <u>The Court Has Subject Matter Jurisdiction Over The Action And
          Personal Jurisdiction Over The Defendant.</u>.......................................16

II.  PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES AND
     ENHANCED DAMAGES AS PERMITTED UNDER THE UNITED
     STATES CODE........................................................................................16

     A.   <u>The Circumstances Of The Violation</u>………………………… 18

     B.   <u>Piracy Statutes Contemplate Specific And General Deterrence.</u>........19

     C.   <u>Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(i)(II)</u>................20

     D.   <u>Enhanced Damages Under 47 U.S.C. § 605(e)(3)(C)(ii).</u>...................22

III. PLAINTIFF IS ENTITLED TO DAMAGES FOR CONVERSION……......26

IV.  PLAINTIFF IS ENTITLED TO COSTS AND REASONABLE
     ATTORNEYS' FEES...............................................................................27

CONCLUSION.................................................................................................28

# TABLE OF AUTHORITES

PAGE(S)

## CASES

*Adobe Sys. Inc. v. Kern*,
No. C 09-1076 CW JL, 2009 WL 5218005 (N.D. Cal. Nov. 24, 2009) ............. 7-8

*Bein v. Brechtel-Jochim Group, Inc.*,
6 Cal. App. 4th 1387 (1992) ...................................................................................15

*Cable/Home Commc'n Corp. v. Network Prods., Inc.*,
902 F.2d 829 (11th Cir. 1990) ................................................................................17

*Danning v. Lavine*,
572 F.2d 1386 (9th Cir. 1978) ................................................................................16

*Directv, Inc. v. Webb*,
545 F.3d 837 (9th Cir. 2008) ............................................................................... 8-9

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986) ........................................................................... 6-16

*Ellison v. Robertson*,
357 F.3d 1072 (9th Cir. 2004) ........................................................................11, 23

*F.A.A. v. Cooper*,
566 U.S. 284 (2012)................................................................................................17

*Fair Housing of Marin v. Combs*,
285 F.3d 899 (9th Cir. 2002) .........................................................................6, 8, 16

*Foster v. A and R Media Fund, LLC*,
No. 219CV02215VAPMRWX, 2019 WL 7877400 (C.D. Cal. Oct. 29, 2020).....13

*G & G Closed Cir. Events, LLC v. Alexander*,
No. CV-18-02886-PHX-MTL, 2020 WL 1904628 (D. Ariz. Apr. 17, 2020)........11

*G & G Closed Cir. Events, LLC v. Liu*,
45 F. 4th 1113 (9th Cir. 2022) .................................................................................8

*G & G Closed Cir. Events, LLC v. Olvera*,
No. 2:18-CV-02467 MCE AC, 2020 WL 1503376 (E.D. Cal. Mar. 30, 2020).......7

*G & G Closed Cir. Events, LLC v. Segura*,
No. 21-16381, 2022 WL 1499650 (9th Cir. May 12, 2022) ...................................21

*Granoff v. Yackle*,
196 Cal. App. 2d 253 (1961) ..................................................................................12

*Innovative Sports Mgmt., Inc. v. Valenzuela*,
No. 19CV02785JSWJCS, 2021 WL 5238592 (N.D. Cal. Aug. 30, 2021) ............13

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)..................................................................................16

*J & J Sports Prods., Inc. v. Acevedo*,
No. 4:09CV00496SWW, 2010 WL 1980849 (E.D. Ark. May 13, 2010).............17

*J & J Sports Prods., Inc. v. Ayala*,
5:11-CV-05437-EJD, 2012 WL 4097754 (N.D. Cal. Sept. 17, 2012) ..................26

*J & J Sports Prods., Inc. v. Beck*,
No. CIV.A. L-13-57, 2013 WL 5592333 (S.D. Tex. Oct. 9, 2013) ......................23

*J & J Sports Prods., Inc. v. Circle R & R, Inc.*,
No. 4:18-CV-1359, 2019 WL 937348 (S.D. Tex. Feb. 11, 2019) ........................10

*J & J Sports Prods., Inc. v. Guncay*,
No. 18 CV 2097 (FB)(RML), 2018 WL 6313210 (E.D.N.Y. Oct. 17, 2018)..........9

*J & J Sports Prods., Inc. v. Enola Investments, LLC*,
795 F. App'x 313, 315 (5th Cir. Feb. 28, 2020)......................................................11

*J & J Sports Prods., Inc. v. J.R. 'Z Neighborhood Sports Grille, Inc.*,
No. C.A.2:0903141DCNRSC, 2010 WL 1838432 (D.S.C. Apr. 5, 2010) ............10

*J & J Sports Prods., Inc. v. Lopez-Lopez*,
No. 217CV01908MCEGGH, 2018 WL 4204584 (E.D. Cal. Sept. 4, 2018)6-7, 18, 24

*J & J Sports Prods., Inc. v. Marcaida*,
No. 10-5125 SC, 2011 WL 2149923 (N.D. Cal. May 31, 2011) ...........................23

*J & J Sports Prods., Inc. v. McCausland*,
No. 1:10-CV-01564-TWP, 2012 WL 113786 (S.D. Ind. Jan. 13, 2012) ... 20, 24-25

*J & J Sports Prods., Inc. v. Meza Jimenez*,
No. CV-17-1320-PHX-DGC, 2018 WL 317288 (D. Ariz. Jan. 8, 2018) ...............7

*J & J Sports Prods., Inc. v. Mikhael*,
No. SACV1401463WDKPLA, 2016 WL 2984191 (C.D. Cal. May 19, 2016)10-11

*J & J Sports Prods., Inc. v. Olivares*,
No. 1:10CV01708 LJO DLB, 2011 WL 587466 (E.D. Cal. Feb. 9, 2011)..............9

*J & J Sports Prods., Inc. v. Paolilli*,
No. 1:11-CV-680 LJO GSA, 2011 WL 6211905 (E.D. Cal., Dec. 14, 2011) .......26

*J & J Sports Prods., Inc. v. Rafael*,
No. CIV S-10-1046 LKK, 2011 WL 445803 (E.D. Cal. Feb. 8, 2011) .......... 23-24

*J & J Sports Prods., Inc. v. Sanchez*,
No. 10CV2323 BEN NLS, 2011 WL 5041022 (S.D. Cal. Oct. 24, 2011) ..8, 13, 26

*J & J Sports Prods., Inc. v. Santos*,
No. DR-17-CV-0028-AM-CW, 2018 WL 1887294 (W.D. Tex. Feb. 20, 2018) ..19

///

*J & J Sports Prods., Inc. v. Segura*,
No. 417CV05335YGRKAW, 2018 WL 1868271 (N.D. Cal. Apr. 19, 2018) .19, 22

*J & J Sports Prods., Inc. v. Torres*,
No. 2:11-CV-00653 JAM, 2011 WL 6749817 (E.D. Cal. Dec. 22, 2011) ............14

*Joe Hand Promotions, Inc. v. Bernal*,
No. 1:12-CV-01512-AWI, 2013 WL 1402464 (E.D. Cal. April 5, 2013) .............15

*Joe Hand Promotions, Inc. v. Dang My Linh*,
No. CV063548BMCKAM, 2006 WL 8435988 (E.D.N.Y. Sept. 25, 2006)21-22, 26

*Joe Hand Promotions, Inc. v. Fierro*,
No. 2:13-CV-1550 TLN CKD, 2015 WL 351663 (E.D. Cal. Jan. 26, 2015)  8-9, 16

*Joe Hand Promotions, Inc. v. Gamino*,
No. 1:10-CV-01544-AWI, 2011 WL 66144 (E.D. Cal. Jan. 10, 2011) ................19

*Joe Hand Promotions, Inc. v. Sorondo*,
No. 1:11-CV-00631-LJO, 2011 WL 4048786 (E.D. Cal. Sept. 9, 2011) .............23

*Joe Hand Promotions, Inc. v. Tickle*,
No. 4:12-CV-01874, 2016 WL 393797 (M.D. Pa. Feb 2, 2016) ..........................12

*Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*
2013 WL 394400 (E.D. Va. Jan. 30, 2013)..............................................................23

*Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*,
152 F. Supp. 438 (S.D.N.Y. 2001) .........................................................................20

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*,
168 F.3d 347 (9th Cir. 1999) .............................................................................8, 25

*Langer v. Zachary and Sons, LLC*,
No. CV 18-1493 PA (AFMX), 2018 WL 6051540 (C.D. Cal. June 29, 2018) .....27

*Machowski v. 333 N. Placentia Property, LLC*,
38 F.4th 837 (9th Cir. 2022)............................................................................. 27-28

*Nicklaus Companies LLC v. Bryan Hepler Golf LLC*,
No. CV-18-01748-PHX-ROS, 2019 WL 1227198 (D. Ariz. Mar. 15, 2019)........17

*Nintendo of Am., Inc. v. Dragon Pac. Int'l*,
40 F.3d 1007 (9th Cir. 1994) ...........................................................................17, 26

*Philip Morris USA v. Castworld Prods., Inc.*,
219 F.R.D. 494 (C.D. Cal. 2003)..............................................................................6

*Theme Promotions, Inc. v. News America Marketing FSI*,
546 F.3d 991 (9th Cir. 2008) ..................................................................................26

*Trackman v. Kenney*,
187 Cal. App. 4th 175 (2010) ................................................................................15

///

*Tyrone Pac. Intern., Inc. v. MV Eurychili,*
658 F.2d 664 (9th Cir. 1981) ...................................................................7

*Virgin Records America, Inc. v. Cantos,*
2008 WL 2326306 (S.D. Cal. June 3, 2008) ........................................15

*Vogel v. Harbor Plaza Center, LLC,*
893 F.3d 1152 (9th Cir. 2018) .............................................................27

## **<u>STATUTES AND RULES</u>**

Federal

28 U.S.C. § 1331 ...................................................................................16

28 U.S.C. §1367 ....................................................................................16

47 U.S.C. § 605.................................................................................passim

47 U.S.C. § 553.................................................................................passim

California Statutes

Cal. Code Civ. § 3336...........................................................................26

Cal. Corp. Code § 17701.16(a)............................................................25

Code Civ. Proc. § 415.20.................................................................. 14-15

Local Rules of the Central District of California

11 ...........................................................................................................27

54 ...........................................................................................................27

55 ......................................................................................................26-27

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff G & G Closed Circuit Events, LLC (hereinafter "Plaintiff") is an international distributor of sports and entertainment programming. By contract, Plaintiff purchased the domestic commercial exhibition rights to broadcast the *Last Man Standing: The Nate Diaz v. Jorge Masdival Fight* event telecast nationwide on Saturday, July 6, 2024. *Cplt.* ¶ 18 (Dkt. No. 1). *Gagliardi Aff.* ¶ 3. This *Program* included the main event between Diaz and Masdival, along with undercard bouts, televised replay, and color commentary, hereinafter collectively referred to as the "*Program.*" *Id.; Gagliardi Aff.* ¶ 7. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. *Cplt.* ¶ 19; *Gagliardi Aff.* ¶ 3. Without the authorization of Plaintiff, Defendants unlawfully intercepted, received, and exhibited the Program at their commercial establishment, Whiskey Barrel Saloon a/k/a The Whiskey Barrel, operating at 12055 Mariposa Rd, Hesperia, CA 92345. *Cplt.* ¶¶ 23-24; *Decl. of Affiant*.

## RELEVANT PROCEDURAL HISTORY

Plaintiff filed its Complaint on June 26, 2025. (Dkt. No. 1). Defendants were served on July 31, 2025 (Martin) and August 22, 2025 (the LLC). (Dkt. Nos. 11, 14). The validity of service is addressed in Argument Section I, *infra*. On

///

September 26, 2025, Plaintiff moved for default. (Dkt. No. 15). Default was entered the same day. (Dkt. No. 16).

## **ARGUMENT**

I.    PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS THE NINTH CIRCUIT FACTORS OUTLINED IN *EITEL v. McCOOL* ARE SATISFIED.

The factors to be considered in ruling on an application for default judgment are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Upon entry of default, all well-pleaded facts in the complaint are taken as true, save those related to the amount of damages. *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002).

With respect to prejudice, Plaintiff will be prejudiced if default judgment is not entered because it has sustained injury as a result of the actions of Defendants and without default judgment, Plaintiff will be left without a judicial resolution to its claims and without other recourse for recovery. *J & J Sports Prods., Inc. v. Lopez-Lopez*, No. 217CV01908MCEGGH, 2018 WL 4204584, at *2 (E.D. Cal.

Sept. 4, 2018) ("It is indisputable that having done everything the law required to engage the defendant in defense of the suit without success, in the absence of a default judgment plaintiff will be unable to vindicate its rights. There can be no greater prejudice."); *J & J Sports Prods., Inc. v. Meza Jimenez,* No. CV-17-1320-PHX-DGC, 2018 WL 317288, at *1 (D. Ariz. Jan. 8, 2018).

The second and third *Eitel* factors "require that Plaintiff's allegations state a claim upon which it may recover." *Adobe Sys. Inc. v. Kern*, No. C 09-1076 CW JL, 2009 WL 5218005, at *3 (N.D. Cal. Nov. 24, 2009) (internal quotation omitted). To prevail under 47 U.S.C. § 605 or 47 U.S.C. § 553, Plaintiff must demonstrate that it has a proprietary interest in the *Program* and that Defendants unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the *Program* at Whiskey Barrel Saloon a/k/a The Whiskey Barrel without the authorization of Plaintiff. 47 U.S.C. § 605(a); 47 U.S.C. § 553(a). To prevail on conversion, Plaintiff must demonstrate ownership or right to possession of property, wrongful disposition of the property right, and damages. *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981).

Plaintiff's Complaint properly alleges the elements of the above causes of action and, therefore, the first two factors of the *Eitel* analysis are satisfied. *See Cplt.* ¶¶ 17-29, 30-35, 36-39; *see G & G Closed Cir. Events, LLC v. Olvera,* No. 2:18-CV-02467 MCE AC, 2020 WL 1503376, at *2 (E.D. Cal. Mar. 30, 2020); *Lopez-Lopez,* 2018 WL 4204584 at *2. Similarly, as all well-pled allegations of

fact are taken as true, Plaintiff has also satisfied the fifth *Eitel* factor. *See Adobe Systems,* 2009 WL 5218005 at \*6, *citing Fair Housing of Marin*, 285 F.3d at 906. In *J & J Sports Prods., Inc. v. Sanchez,* No. 10CV2323 BEN NLS*,* 2011 WL 5041022 (S.D. Cal. Oct. 24, 2011), the district court held that, "because Plaintiff has sufficiently plead the claims asserted and offered a sworn affidavit from the investigator who observed and documented Defendants' violation, dispute as to material facts is unlikely." *Id.* at \*2. Plaintiff submits the same evidence herein. California district courts have routinely found similar allegations sufficient to state a claim and have routinely granted default judgment based on similar allegations. *E.g. Sanchez,* 2011 WL 5041022 at \*2; *Joe Hand Promotions, Inc. v. Fierro*, No. 2:13-CV-1550 TLN CKD, 2015 WL 351663, at \*2-3 (E.D. Cal. Jan. 26, 2015).

Although entry of default may necessitate a finding of liability under both sections 605 and 553, Plaintiff only seeks liability and damages on its claim under 47 U.S.C. § 605 (as well as its claim for conversion). While the Ninth Circuit has not ruled on the specific reach of the statutes, *see Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349, n.1 (9th Cir. 1999), the Ninth Circuit has confirmed that section 605 applies to satellite television signals. *Directv, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008); *G & G Closed Cir. Events, LLC v. Liu*, 45 F. 4th 1113, 1116 (9th Cir. 2022).

Due to Defendants' failure to participate, Plaintiff cannot be certain of the method of interception or receipt and requests that the Court award damages under

47 U.S.C. § 605. *Fierro*, 2015 WL 351663 at *2 ("Plaintiff should not be prejudiced by defendant's failure to appear or defend itself in this action and the court concludes, therefore, that statutory damages should be awarded under section 605"); *J & J Sports Prods., Inc. v. Olivares,* No. 1:10CV01708 LJO DLB*,* 2011 WL 587466, at *2 (E.D. Cal. Feb. 9, 2011) ("Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605"). Such a finding is also in keeping with the Ninth Circuit's observation that obtaining direct evidence of signal interception is difficult. *Directv, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) ("The law does not require direct evidence to support a factual finding. Circumstantial evidence may be sufficiently persuasive. Signal piracy is by its very nature a surreptitious venture and direct evidence may understandably be hard to come by."). In addition, Plaintiff's Complaint alleges that Defendants intercepted, received and/or published a satellite transmission, such that a threshold finding for liability under 47 U.S.C. § 605 is satisfied. *Cplt.* ¶¶ 22, 26.

The above analysis establishes an unlawful interception and receipt of the *Program.* Because there is a corporate owner, to hold Defendant Martin liable, an additional layer of analysis is required. Plaintiff must demonstrate either contributory infringement, i.e., direct authorization, *J & J Sports Prods., Inc. v. Circle R & R, Inc.*, No. 4:18-CV-1359, 2019 WL 937348, at *2, n.1 (S.D. Tex. Feb. 11, 2019), or that Martin is vicariously liable in that she had "a right and

ability to supervise the violations and . . . a strong financial interest in such activities." *J & J Sports Prods., Inc. v. J.R. 'Z Neighborhood Sports Grille, Inc.*, No. C.A.2:0903141DCNRSC, 2010 WL 1838432, at \*2 (D.S.C. Apr. 5, 2010); *J & J Sports Prods., Inc. v. Mikhael*, No. SACV1401463WDKPLA, 2016 WL 2984191, at \*2 (C.D. Cal. May 19, 2016) (noting same test). Martin is vicariously liable.

At all times relevant hereto, The Whiskey Barrel Hesperia, LLC owned and operated Whiskey Barrel Saloon a/k/a The Whiskey Barrel. *Cplt.* ¶ 7. At all times relevant hereto, Defendant Martin was the Chief Executive Officer as well as Manager and Member of Whiskey Barrel Saloon a/k/a The Whiskey Barrel. *Id.* ¶ 8; *Riley Decl.*, Ex. 2. In addition, Defendant Williams was the primary owner and licensee on the California Department of Alcoholic Beverage Control license issued to Whiskey Barrel Saloon a/k/a The Whiskey Barrel for Whiskey Barrel Saloon a/k/a The Whiskey Barrel. *Cplt.* ¶ 9; *Riley Decl.,* Ex. 1. In addition, Defendant Martin had a right and ability to supervise the interception of this specific *Program,* and a strong financial interest in the interception of this specific *Program* (which included increased patronage). *Cplt.* ¶¶ 10-14.

With respect to financial interest, the *Program* was shown on nine televisions at Whiskey Barrel Saloon a/k/a The Whiskey Barrel while patrons were present. *Decl. of Affiant.* In addition, Whiskey Barrel Saloon a/k/a The Whiskey Barrel required a $10.00 cover charge for entry. *Cplt.* ¶ 16; *Decl. of Affiant* at 1;

*J & J Sports Productions, Inc. v. Guncay*, No. 18 CV 2097 (FB)(RML), 2018 WL 6313210, at *3 (E.D.N.Y. Oct. 17, 2018) (vicarious liability proper when plaintiff demonstrates "that the defendant had collected an admission fee or cover charge on the night of the broadcast, that the defendant had hosted a large number of patrons, or both."). In *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004), while addressing vicarious liability, the Ninth Circuit held:

> We concluded in [*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996)] that "the sale of pirated recordings at the Cherry Auction swap meet is a 'draw' for customers," which we held sufficient to state the financial benefit element of the claim for vicarious liability. *Fonovisa*, 76 F.3d at 263–64. There is no requirement that the draw be "substantial."

*Ellison*, 357 F.3d at 1078-79 (citation / quotation in original). *Ellison* confirms that the availability of the infringing material is a draw sufficient to establish the financial interest necessary for vicarious liability.

In *Mikhael*, 2016 WL 2984191 at *2, the Court found the individual defendants liable (along with the corporate defendant) when they were members of an LLC (one was also the registered agent). In *G & G Closed Cir. Events, LLC v. Alexander*, No. CV-18-02886-PHX-MTL, 2020 WL 1904628 (D. Ariz. Apr. 17, 2020) the Court found both prongs of the vicarious liability test satisfied:

> It is not necessary that [Defendant] violated the law himself or that he was present for the violation. [Defendant] was part-owner of the business, which in this context is sufficient. The Court finds that [Defendant] had the right and the ability to supervise the infringing activities. That he did not do so in this case is irrelevant. Second, [Defendant] is a member of [the] LLC, giving him an obvious and

direct financial interest in the business. Therefore, [Defendant] is liable for the violation.

*Id.* at *3. In *Joe Hand Promotions, Inc. v. Tickle*, No. 4:12-CV-01874, 2016 WL 393797 (M.D. Pa. Feb 2, 2016), the court found individual liability because:

> First, in his official capacity as well as in his capacity as a registrant on his establishment's liquor license, Defendant . . . had the "right and ability to supervise" the piracy at issue as a matter of law. It is not necessary that Defendant violated the law himself or that he was present for the violation. Based on Defendant's official role at the establishment, he was responsible for the acts of his agents, his bartenders and other staff, and it is enough to hold him vicariously liable to the extent that one of his employees committed the piracy at issue. . . .
>
> Defendant enjoyed "a direct financial interest in the violation." That is to say, the enhanced profits earned from attracting patrons with a bootlegged program were directly related to the profits earned by Defendant's establishment, and by extension, Defendant himself would reap on a given night. That is a mere consequence of everyday business incentives. It is also why lawmakers have enacted anti-piracy legislation: absent such penalties necessary to curb the evident moral hazard of such commercial piracy, the establishment owner would collect an ill-gotten gain, while the program distributor would incur all the costs associated with production and transmission.

*Id.* at *13-14.

With respect to conversion, Martin may be found liable by virtue of her status as Manager/Member of the LLC or by virtue of her responsibilities vis-à-vis the establishment. *Granoff v. Yackle*, 196 Cal. App. 2d 253, 357 (1961) (internal quotations/citations omitted) ("It is well settled . . . that the officers of a corporation are personally liable to one whose money or property has been misappropriated or converted by them to the uses of the corporation, although they

derived no personal benefit therefrom and acted merely as agents of the

corporation."); *Innovative Sports Mgmt., Inc. v. Valenzuela*, No.

19CV02785JSWJCS, 2021 WL 5238592, at *5 (N.D. Cal. Aug. 30, 2021) (finding

individual liability for conversion because Plaintiff alleged that the individual,

"was involved in the unauthorized broadcast or at least that he was responsible for

his employees' conduct by virtue of the fact that he was in charge of operating [the

establishment].").

As to the amount of money at stake, the amounts requested by Plaintiff for

its federal claim, $6,000 in statutory damages and a $30,000 enhancement, are

reasonable in that they are within the limits established by Congress pursuant to

statute. *See e.g.* 47 U.S.C. §§ 605(e)(C)(3)(i)(II) and (e)(3)(ii). The amount of total

damages requested under section 605 is substantially less than the total amount

authorized by Congress. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II) and (e)(3)(C)(ii). The

amount Plaintiff seeks for its conversion count is simply the value of the property

at the time of its conversion. *See Foster v. A and R Media Fund, LLC,* No.

219CV02215VAPMRWX, 2019 WL 7877400, at *3 (C.D. Cal. Oct. 29, 2020)

(finding, in breach of contract action, amount of damages that was "exactly

proportional to the harm," weighed in favor of default judgment). Because Plaintiff

is an aggrieved party under section 605, Plaintiff is entitled to the damages

permissible by statute, and thus this factor weighs in favor of default judgment. *See*

*Sanchez*, 2011 WL 5041022 at *2 (holding that the "the sum of money at stake is

not substantial" under similar circumstances). In addition, because this Court has discretion to make a damages award that it deems appropriate, even if this factor weighed against default judgment, it does not outweigh the other factors. *J & J Sports Prods., Inc. v. Torres,* No. 2:11-CV-00653 JAM, 2011 WL 6749817, at *5 (E.D. Cal. Dec. 22, 2011).

Next, there is no evidence that the failure of Defendants to respond was due to excusable neglect. Both Defendants were validly served. *Proofs of Service* (Dkt. Nos. 11-12). A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by *strong and convincing evidence*." *Securities & Exchange Comm'n v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (emphasis added).

Federal Rule of Civil Procedure 4(e)(1) allows for the "borrowing" of a state service of process provision. With respect to Defendant Martin, California allows for substitute service at a usual place of business on a person apparently in charge. Code Civ. Proc. § 415.20(b).[2] Defendant Martin was served at her usual place of business, to wit, the commercial establishment, Whiskey Barrel Saloon a/k/a The Whiskey Barrel, through a person apparently in charge (Martin C.). (Dkt. No. 11 at 3). Plaintiff attempted to serve Defendant on three occasions. (Dkt. No. 11 at 3, 6). There are two prior attempts identified on the Declaration of Diligence, and then

---

[2] "The term 'usual place of business' includes a defendant's customary place of employment as well as her own business enterprise." Code Civ Proc. § 415.20 (Judicial Council Comment).

the third attempt culminated with substitute service being made. (*Id.*). This is sufficient for purposes of substitute service. *See Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1391-92 (1992) (two or three unsuccessful attempts at personal service satisfied reasonable diligence and allows substitute service to be made). Plaintiff then mailed the documents as required by Rule 415.20(b). (Dkt. No. 11 at 5). With respect to the LLC, California allows for substitute service of an LLC at its office address on "a person apparently in charge." Code Civ. Proc. § 415.20(a); Cal. Corp. Code § 17701.16(a). The LLC was properly served via substitute service at its principal office address, and via subsequent mailing. See (Dkt. No. 12 at 3, 5); *Riley Decl.*, Ex. 2 (noting address).

Such substitute service has consistently been upheld. *See Trackman v. Kenney*, 187 Cal. App. 4th 175, 182-83 (2010); *Joe Hand Promotions, Inc. v. Bernal*, No. 1:12-CV-01512-AWI, 2013 WL 1402464, at *2 (E.D. Cal. April 5, 2013). The failure of Defendants to respond despite being properly served establishes that their defaults were not due to excusable neglect. *Virgin Records America, Inc. v. Cantos*, 2008 WL 2326306, at *3 (S.D. Cal. June 3, 2008).

The only *Eitel* factor that weighs in favor of the Defendants is the last, the policy favoring decisions on the merits. Of course, this factor will always weigh against the entry of default judgment. Nonetheless, "the defendant's failure to make a proper appearance and defend against plaintiff's claims has made a

decision on the merits impossible in this case." *Fierro,* 2015 WL 351663 at *3.

Finally, this factor is not enough to preclude default judgment. *See Id.*

    A.    <u>The Court Has Subject Matter Jurisdiction Over The Action And Personal Jurisdiction Over The Defendant.</u>

This Court may exercise subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). With respect to personal jurisdiction, Defendants were both served in California (Dkt. Nos. 11-12) and are the operators of a commercial establishment in California, such that it is beyond any reasonable dispute that they are subject to personal jurisdiction in this Court. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

II.    PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES AND ENHANCED DAMAGES AS PERMITTED UNDER THE UNITED STATES CODE.

Defendants' default serves as an admission of Plaintiff's well-pled allegations of fact with respect to liability. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Default, however, does not establish damages. *Fair Housing of Marin,* 285 F.3d at 906. A party aggrieved under section 605 may, at its discretion, recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). Plaintiff elects to recover statutory damages. The amount of statutory damages shall be not less than $1,000.00 nor more than $10,000.00. 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, the Court may award enhanced damages of up to

$100,000 when "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain . . . ."  47 U.S.C. § 605(e)(3)(C)(ii).

Actual damages and statutory damages are not synonymous. "'[A]ctual damages' is a legal term of art and it is a cardinal rule of statutory construction that, when Congress employs a term of art, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken." *F.A.A. v. Cooper*, 566 U.S. 284, 292 (2012) (internal citations/quotations omitted). As the Ninth Circuit has observed, "statutory damages may serve completely different purposes than actual damages." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994). One such purpose is that actual damages are often difficult to prove. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990). This is especially true in a default judgment situation. *J & J Sports Prods., Inc. v. Acevedo*, No. 4:09CV00496SWW, 2010 WL 1980849, at *2 (E.D. Ark. May 13, 2010) (awarding § 605 maximums and noting that, "[b]ecause Defendants failed to appear, it is impossible to calculate the full extent of the profits lost by Plaintiff and the additional damages sustained by Plaintiff as a result of Defendants' unlawful actions."); *Nicklaus Companies LLC v. Bryan Hepler Golf LLC*, No. CV-18-01748-PHX-ROS, 2019 WL 1227198, at *1 (D. Ariz. Mar. 15, 2019)

("Defendant's failure to respond to the complaint means it is impossible for Plaintiff to prove actual damages.").

Plaintiff requests $6,000 in statutory damages and a $30,000 enhancement, for a total award of $36,000. This amount is sufficient to compensate Plaintiff and to function as an effective deterrent. *Lopez-Lopez,* 2018 WL 4204584 at *4 (awarding $10,000 in statutory damages and a $35,000 enhancement and stating that that the court "will exercise its discretion in setting a penalty for the uncontested violation of the Act at a level intended not only to punish the present defendant but to make clear that these incursions will be treated with the severity necessary pursuant to the Acts of Congress."). This damages request also takes into account the particularly egregious nature of the violation, including that Defendants required a $10.00 cover charge for entry on the night of the *Program*. *Cplt.* ¶ 16; *Decl. of Affiant* at 1.

A.    The Circumstances Of The Violation.

The *Program* was observed being broadcast at Whiskey Barrel Saloon a/k/a The Whiskey Barrel by Alvaro Ochoa. *Decl. of Affiant.* Mr. Ochoa observed the undercard bout between Devin Cushing and Manuel Correa, which was part of the *Program* as defined herein. *Id.* at 1; *Gagliardi Aff.* ¶ 7. Mr. Ochoa observed the *Program* on nine televisions ranging from 42"- 65" in size. *Decl. of Affiant* at 1. Mr. Ochoa estimated the capacity of the establishment to be 200, and he counted 20 patrons while he was present. While there were relatively few patrons when the

investigators were present, it is likely that the patronage would have increased leading up to the main event. *See J & J Sports Prods., Inc. v. Santos,* No. DR-17-CV-0028-AM-CW, 2018 WL 1887294, at *3 (W.D. Tex. Feb. 20, 2018) ("Furthermore, the auditor visited the establishment at . . . before the title match. More patrons likely came in later, and assessing damages based on the number of patrons present before the title match would not be an accurate estimate of J&J Sports' damages.") (internal citation omitted).

Of particular importance to the calculation of damages, the investigator paid a $10.00 cover charge for entry. *Decl. of Affiant* at 1; *see J & J Sports Prods., Inc. v. Enola Investments, LLC*, 795 F. App'x 313, 315 (5th Cir. Feb. 28, 2020)(unpub.) (lounge "certainly broadcast the fight for commercial advantage; the Lounge charged a cover fee the night of the fight.").

For an establishment the size of Whiskey Barrel Saloon a/k/a The Whiskey Barrel to obtain the broadcast lawfully, the commercial fee would have been $1,300.00. *Gagliardi Aff.* ¶ 8; *Id.* Ex. 2.

B.    <u>Piracy Statutes Contemplate Specific And General Deterrence.</u>

A primary goal of piracy awards is deterrence, *J & J Sports Prods., Inc. v. Segura*, No. 417CV05335YGRKAW, 2018 WL 1868271, at *5 (N.D. Cal. Apr. 19, 2018)("*Segura I*"), and the piracy statutes contemplate both specific and general deterrence. *Joe Hand Promotions, Inc. v. Gamino*, No. 1:10-CV-01544-AWI, 2011 WL 66144, at *4 (E.D. Cal. Jan. 10, 2011) ("the amount of damages

awarded should be in an amount that is adequate to deter these Defendants *and others* from committing similar acts in the future") (emphasis added); *J & J Sports Prods., Inc. v. McCausland,* No. 1:10-CV-01564-TWP, 2012 WL 113786, at *4 (S.D. Ind. Jan. 13, 2012) ("the need to send a deterrent signal to Defendants and other would-be offenders is paramount.").

C.     Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(i)(II).

The Ninth Circuit has not established a formula for calculating damages under 47 U.S.C. § 605, and this Court has discretion in awarding such damages.

While some courts have looked to the licensing fee to determine an appropriate statutory damages award, Plaintiff respectfully submits that this method undervalues the *Program* and fails to compensate Plaintiff adequately. *See Kingvision Pay-Per-View, Ltd. v. Jasper Grocery,* 152 F. Supp. 438, 442 (S.D.N.Y. 2001). In *McCausland* the court adopted the "flat sum" approach and noted that, "quite understandably Plaintiff wishes to enforce its distribution rights to ensure that only paying customers gain access to the program." *McCausland,* 2012 WL 113786 at *1. This same desire exists with respect to Plaintiff herein.

In a non-precedential opinion, the Ninth Circuit stated, "[i]t is not error for a district court to consider estimated actual damages as a factor in determining the amount of statutory damages, so long as the damages award falls within the statutorily authorized range." *G & G Closed Cir. Events, LLC v. Segura*, No. 21-

16381, 2022 WL 1499650, at *1 (9th Cir. May 12, 2022) ("*Segura II*").[3]

Importantly, while the Ninth Circuit found the award was not an abuse of discretion, the Ninth Circuit *did not* say that the licensing fee alone is *per se* the proper measure of statutory damages. *See Id.*

In *Joe Hand Promotions, Inc. v. Dang My Linh*, No. CV063548BMCKAM, 2006 WL 8435988, at *2 (E.D.N.Y. Sept. 25, 2006), the district court addressed various methods employed to calculate damages and found, particularly in the default judgment context, that they are too punitive to the plaintiff:

> The mathematical approach or the consideration of aggravating factors makes sense in a contested matter, where both sides have appeared and all of the facts have been placed before the Court. However, when a defendant has failed to answer legal process and defaulted in a case, the application of such factors unfairly penalizes the plaintiff. . . . [W]hile it is reasonable to require a plaintiff to undertake some investigation before bringing this kind of action, as plaintiff here has done, we have to recognize that with statutory damages of $10,000 per violation, there is only so much digging that a court can expect a plaintiff to perform.
>
> Thus handicapped by defendants' decision to not only violate the law, but to ignore the process of this Court, this Court believes that the $10,000 statutory maximum should be the presumptive amount awarded in a single violation case absent any indication in the record of mitigating circumstances. To hold otherwise would encourage defendants caught red-handed to ignore legal process in the recognition that judicial discretion is the only defense they have. This Court will not give them that defense at the cost of punishing plaintiff.

*Id.* (emphasis added). While Plaintiff does not ask the Court to award maximum

---

[3] Though not reflected in the opinion, in *Segura II* the statutory award was the equivalent of the licensing fee.

statutory damages, the rationale of *Dang My* explains why statutory damages should go beyond reimbursement, particularly in the default context. As noted above, the commercial licensing fee herein was $1,300.00, *Gagliardi Aff.* ¶ 8, and Plaintiff requests $6,000 in statutory damages. In *Segura I*, the court awarded $5,400 in statutory damages, a three times multiplier of the licensing fee and a slightly lower dollar amount than that requested herein, and noted, "if the infringing party was only awarded actual damag[es], he would be encouraged to unlawfully exhibit the Program, because the odds of being caught are low." 2018 WL1868271 at *6.

### D.    Enhanced Damages Under 47 U.S.C. § 605(e)(3)(C)(ii).

Enhanced statutory damages may be awarded when "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain . . . ." 47 U.S.C. § 605(e)(3)(C)(ii). As to the second component, the action must be "for the *purposes* of" commercial advantage or private financial gain. *See Id.* (emphasis added). In other words, there need not be an actual advantage or gain. That Defendants acted willfully and for purposes of commercial advantage or financial gain is established by various factors. First, this is conclusively established by the cover charge. *See Enola Investments*, 795 F. App'x at 315. Next, this is established by case law:

> The defendant restaurant is a commercial establishment, and on the
> night of the Exhibition hosted approximately forty patrons, who were
> able to enjoy the Exhibition at no cost to the defendant restaurant. . . .

> Because the defendant showed the Exhibition on all of its televisions
> at no cost, the Court concludes that the defendant acted willfully for
> commercial advantage and private financial gain.

*Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F.Supp.2d

659, 668-69 (E.D.Va. 2013); *see also J & J Sports Prods., Inc. v. Marcaida*, No.

10-5125 SC, 2011 WL 2149923, at *4 (N.D. Cal. May 31, 2011). *Ellison*, while

addressing a different legal issue (i.e., vicarious copyright liability), is instructive

in that it establishes that the availability of the infringing material is a draw

sufficient to establish financial gain. 357 F.3d at 1078-79 (citation / quotation in

original). In addition, and while Defendants' lack of participation makes

ascertaining their specific motive impossible, "it is obvious that commercial

establishments show sports programs to draw business, not out of charity." *J & J

Sports Prods., Inc. v. Beck*, No. CIV.A. L-13-57, 2013 WL 5592333, at *3 (S.D.

Tex. Oct. 9, 2013). That Defendants acted willfully and for the purpose of

commercial advantage is also established by Mr. Gagliardi, *Gagliardi Aff.* ¶¶ 9, 14-

17, and by the default. *Joe Hand Promotions, Inc. v. Sorondo*, No. 1:11-CV-

00631-LJO, 2011 WL 4048786, at *3 (E.D. Cal. Sept. 9, 2011) ("By default,

Defendants admitted to willfully violating Section 605 for the purposes of

commercial advantage.").

In *J & J Sports Prods., Inc. v. Rafael*, No. CIV S-10-1046 LKK, 2011 WL

445803 (E.D. Cal. Feb. 8, 2011), the program was shown on 1 television to

between 17-19 people. *Id.* at *2. The establishment in *Rafael* required a cover

charge of $5.00. *Id.* Taking these factors into account, the district court awarded $10,000 in statutory damages and $36,000 in enhanced statutory damages. *Id.* at *2. Here, there were a comparable number of patrons, several more televisions, and a higher cover charge of $10.00. Nonetheless, Plaintiff requests $10,000 less than the total statutory award in *Rafael.*

In *Lopez-Lopez,* the district court awarded $10,000 in statutory damages and $35,000 in enhanced statutory damages against an establishment that was showing the program on four screens to 23 people; the capacity was 50. 2019 WL 4204584 at *2, 4. Here, there were more televisions, a higher capacity (though three fewer patrons), and a cover charge. Ultimately, as noted above, the *Lopez-Lopez* Court "exercis[ed] its discretion in setting a penalty for the uncontested violation of the Act at a level intended not only to punish the present defendant but to make clear that these incursions will be treated with the severity necessary pursuant to the Acts of Congress." *Id.* at *4.

In *McCausland*, after evaluating the facts and the purposes of 47 U.S.C. § 605, including the importance of deterrence, the court awarded $10,000 in statutory damages and $30,000 in enhanced damages. 2012 WL 113786 at *3-4. In *McCausland*, there were between 10-17 patrons and the program was shown on one television. *Id.* at *1. With respect to enhanced damages, the *McCausland* Court noted, as a result of the default, the defendant is "deemed to have unlawfully intercepted the fight in order to show it to [his] patrons, and to have done so

willfully and for purposes of direct or indirect commercial advantage or private financial gain." *McCausland*, 2012 WL 113786 at *2. Ultimately, in awarding a $30,000 enhancement, *McCausland* stated:

> Defendants' actions, although willful, *had a relatively small impact*: they occurred in a small geographic location; they occurred in a small establishment; there is no evidence that Defendant is a repeat offender; and there is no evidence that Defendants advertised or *charged cover*. That said, the Court also believes that the need to send a deterrent signal to Defendants *and other would-be offenders* is paramount. Moreover, the Court accords weight to the fact that Defendants have opted not to respond to Plaintiff's allegations in any fashion whatsoever. Not only does this failure to respond evince willfulness, it also precludes the Court from analyzing how a given damages award might impair the commercial viability of Defendants' business.

*McCausland*, 2012 WL 113786 at *4 (emphasis added). these same deterrent factors are implicated and, unlike in *McCausland*, there was a cover charge.

In *Lake Alice Bar*, the Ninth Circuit noted that "[t]he range in the statutory award might allow for a sanction that deters but does not destroy." 168 F.3d at 350. In remanding on the issue of damages, the *Lake Alice Bar* court stated that "[d]epending on the circumstances, a low *five figure judgment* may be a stiff fine that deters, while a *high* five figure judgment puts a bar out of business." *Id.* (emphasis added).[4] Plaintiff requests a low five figure judgment. As Defendants have failed to appear, Plaintiff cannot be certain of Defendants' business model,

---

[4] *Lake Alice Bar* is not controlling on the issue of damages, and is cited as persuasive authority.

nonetheless there is a reasonable presumption that Defendants are not broadcasting programming that they believe will drive away customers. As noted in *Dang My Linh,* "[i]f this analysis is incorrect, the defendants may finally choose to emerge into the light of our legal system, as there are procedures for addressing undue hardship, whether in this Court or others." 2006 WL 8435988 at *2.

III.    **PLAINTIFF IS ENTITLED TO DAMAGES FOR CONVERSION.**

Damages for conversion are based on the value of the property at the time of the conversion. Cal. Civ. Code § 3336. Plaintiff requests $1,300.00 in conversion damages (the amount Defendants would have had to pay to broadcast the *Program* lawfully). *Gagliardi Aff.* ¶ 8. California district courts have granted conversion damages in addition to statutory damages. *J & J Sports Prods., Inc. v. Paolilli,* No. 1:11-CV-680 LJO GSA, 2011 WL 6211905, at *4 (E.D. Cal., Dec. 14, 2011) (awarding $6,200 in conversion damages in addition to $10,000 in statutory damages and $30,000 in enhanced damages); *Sanchez*, 2011 WL 5041022 at *3; *J & J Sports Prods., Inc. v. Ayala*, 5:11-CV-05437-EJD, 2012 WL 4097754, at *4 (N.D. Cal. Sept. 17, 2012) (awarding conversion damages in addition to piracy damages "in accordance with *Theme Promotions, Inc. v. News America Marketing FSI*, 546 F.3d 991, 1005–06 (9th Cir. 2008), and *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir.1994) . . . .") (citation in original).

///

///

IV.    PLAINTIFF IS ENTITLED TO COSTS AND REASONABLE ATTORNEYS' FEES.

47 U.S.C. § 605 mandates an award of costs and attorneys' fees to an aggrieved party. 47 U.S.C. § 605(e)(3)(B)(iii) (the Court, "*shall direct* the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." (emphasis added). Pursuant to the alternate procedure outlined in C.D. Cal. L-R 55-3, Plaintiff requests that it be permitted fourteen days from the entry of default judgment to submits its motion for costs and reasonable attorneys' fees. In addition to providing a formula for the calculation of attorneys' fees in default judgment cases, Local Rule 55-3 provides:

> An attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court. The Court shall hear the request and render judgment for such fee as the Court may deem reasonable.

*Id.* The Ninth Circuit has held that the Central District "rule gives lawyers who obtain default judgments and who are entitled to statutory fees *the option* of recovering a set amount . . . without going through the hassle of submitting records." *Machowski v. 333 N. Placentia Property, LLC*, 38 F.4th 837, 841 (9th Cir. 2022) *citing Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis added). *Machowski* also noted, "[o]n the other hand, the rule also gives a prevailing party *the option* of seeking fees under the lodestar method." *Id.* (emphasis added). In short, "Local Rule 55-3 affords prevailing plaintiffs a choice." *Id.*; *see Langer v. Zachary and Sons, LLC*, No. CV 18-1493 PA (AFMX),

2018 WL 6051540, at *2 (C.D. Cal. June 29, 2018) (when such a request is properly made, "the court must hear the request and award a reasonable fee . . . without using the fee schedule as a starting point.").

Although Local Rule 55-3 says "at the time of the entry of default judgment," *Id.*, the Ninth Circuit has determined that Local Rule 55-3 must be read in conjunction with Local Rule 54-7, such that fourteen days from the entry of default judgment is the appropriate time. *Machowski*, 38 F.4th at 842.

## CONCLUSION

Based on the foregoing, default judgment against Defendants and in favor of Plaintiff is proper and should be entered with respect to Plaintiff's claims under 47 U.S.C. § 605 and Plaintiff's claim for conversion in the amounts requested herein. Plaintiff also should be granted fourteen days from the entry of default judgment to submit its motion for costs and reasonable attorneys' fees.

The undersigned, counsel of record for G & G Closed Circuit Events, LLC, certifies that this Memorandum contains 6,126 words, which complies with the word limit of L.R. 11-6.1.

Dated:  October 29, 2025          /s/ *Thomas P. Riley*
                                 **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                 By: Thomas P. Riley
                                 Attorneys for Plaintiff
                                 G & G Closed Circuit Events, LLC

# **PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On October 29, 2025, I caused to serve the following document entitled:

PLAINTIFF'S NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Stephanie Anne Martin (Defendant)
The Whiskey Barrel Hesperia, LLC (Defendant)
12055 Mariposa Road, A-E
Hesperia, CA 92345

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 29, 2025, at South Pasadena, California.

Dated:  October 29, 2025          _/s/ Leticia Estrada_____
                                  LETICIA ESTRADA