UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-1606-GW-JCx | Date | December 1, 2025 |
|---|---|---|---|
| Title | G & G Closed Circuit Events, LLC v. Stephanie Anne Martin, et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS:** **IN CHAMBERS - ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING**

On September 26, 2025, default was entered in this action against defendants Stephanie Anne Martin, individually and d/b/a Whiskey Barrel Saloon a/k/a The Whiskey Barrel, and The Whiskey Barrel Hesperia, LLC, an unknown business entity d/b/a Whiskey Barrel Saloon a/k/a The Whiskey Barrel (collectively, "Defendants"). *See* Docket No. 16. On October 29, 2025, plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") filed an application for, and declarations in support of, default judgment. *See* Docket Nos. 18, 18-1, 18-2, 18-3. Defendants having been served, *see* Docket Nos. 11, 14, and no appearance or response by Defendants having been made in person or in writing, and Plaintiff having met all of the requirements for an Application for Default Judgment,[1] it is hereby ordered and adjudged that Default Judgment in the total amount of $13,200.00 is therefore granted against Defendants.

In addition to the attorneys' fees discussed *infra*, this award includes $2,000.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), plus $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) based on willfulness, an amount that is equal to five times the chosen statutory damages figure. The Court has selected the statutory damages amount because the amount that would correspond to the amount that Defendants should have paid Plaintiff to obtain a commercial sublicense for the programming based on an estimated seating capacity of 200 patrons – $1,300.00 – is close to the minimum statutory damages amount permitted ($1,000), and this case calls for more than a close-to-minimum figure (for the reasons also

---

[1] The Court has reviewed Plaintiff's papers for compliance with Local Rule 55-1, and has considered the factors relevant to a default judgment application set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Plaintiff has sufficiently complied with Local Rule 55-1. *See* Docket No. 18-3, ¶¶ 3, 5; Docket No. 18, at 34. For the same reasons as the Court explained recently in *G & G Closed Circuit Events, LLC v. Elenes*, No. 2:24-cv-03178-GW (JCx), Docket No. 52, at pgs. 5-7 of 9 (C.D. Cal. Nov. 4, 2025), application of the *Eitel* factors warrants granting a default judgment in this case.

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-1606-GW-JCx | Date | December 1, 2025 |
|---|---|---|---|
| Title | G & G Closed Circuit Events, LLC v. Stephanie Anne Martin, et al. | | |

referenced *infra* with respect to willfulness). The Court has selected the willfulness amount based upon evidence that the facility in question showed the fight in question on nine televisions and required a cover charge for entry to the facility.

While it appears that Defendants also are liable for the wrongful conversion of Plaintiff's property, the Court declines to grant what it believes would amount to – especially considering what the Court has taken into account in its selection of a statutory damages amount – a duplicative damages award based on this additional theory of liability. *See Tavaglione v. Billings*, 4 Cal.4th 1150, 1158-59 (1993).

Because, unlike the *Elenes* matter referenced *supra*, Footnote 1, this case involved no active litigation outside the instant application for default judgment, and because the statute in question specifically provides for damages (unlike the Americans with Disabilities Act), the Court further grants Plaintiff $1,320.00 in attorneys' fees pursuant to the fee schedule set forth in Local Rule 55-3 (as opposed to via a future lodestar request).[2] *See Machowski v. 333 N. Placentia Prop., LLC*, 38 F.4th 837, 841 (9th Cir. 2022) ("[I]t was incumbent upon the district court to honor Machowski's choice *or explain why it was not doing so . . . .*") (emphasis added). Costs are to be submitted in a cost bill.

The Court vacates the hearing on Plaintiff's application set for December 11, 2025. *See* C.D. Cal. L.R. 7-15. Plaintiff is to prepare and file a revised proposed default judgment consistent with this Court's ruling forthwith.

IT IS SO ORDERED.

---

[2] Pursuant to Local Rule 55-3, attorneys' fees are calculated at the rate of $1,200 plus 6% of the amount over $10,000.

|  | : |
|---|---|
| Initials of Preparer | JG |